**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Marvin Antonio Barillas, and David Carballo, on behalf of themselves and all other persons similarly situated, | DOCKET NO. _____ |
| Plaintiffs, | |
| - vs. - | **COMPLAINT** |
| | **COLLECTIVE ACTION** |
| Ben's Crab Corp d/b/a/ Ben's Crab Uniondale, Ben's Crab Valley Stream Corp. d/b/a Ben's Crab Oceanside, Ben's Crab Massapequa Corp. d/b/a Ben's Crab Massapequa, Nico Salindeho, David Salindeho, Donny Salindeho, Andres Salindeho, and Benyamin Johnson, | **CLASS ACTION** |
| Defendants. | |

Plaintiffs Marvin Antonio Barillas and David Carballo,

by and through their undersigned attorneys, for their

complaint against defendants Ben's Crab Corp d/b/a Ben's Crab

Uniondale, Ben's Crab Valley Stream Corp. d/b/a Ben's Crab

Oceanside, Ben's Crab Massapequa Corp. d/b/a Ben's Crab

Massapequa, Nico Salindeho, David Salindeho, Donny Salindeho, Andres Salindeho, and Benyamin Johnson, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiffs Marvin Antonio Barillas and David Carballo allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Ben's Crab Corp d/b/a Ben's Crab Uniondale, Ben's Crab Valley Stream Corp. d/b/a Ben's Crab Oceanside, Ben's Crab Massapequa Corp. d/b/a Ben's Crab Massapequa, Nico Salindeho, David Salindeho, Donny Salindeho, Andres Salindeho, and Benyamin Johnson, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime compensation pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Mr. Antonio Barillas and Mr. Carballo further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages

2

for overtime work for which defendants willfully failed to pay overtime compensation pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiff Marvin Antonio Barillas is an adult individual residing in Hempstead, New York.

4.    Plaintiff David Carballo is an adult individual residing in Freeport, New York.

5.    Mr. Antonio Barillas and Mr. Carballo each consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); their written consent was previously filed.

6.    Defendant Ben's Crab Corp is a domestic business corporation organized under the laws of the State of New York (hereinafter referred to as "Ben's Crab Uniondale") with a registered business address and principal place of business at 1002 Hempstead Turnpike, Uniondale, New York 11553.

7.    Defendant Ben's Crab Valley Stream Corp. is a domestic business corporation organized under the laws of the

State of New York (hereinafter referred to as "Ben's Crab Oceanside") with registered business address at 43 Rockaway Avenue, Valley Stream, New York 11580, and a principal place of business at 3451 Long Beach Road, Oceanside, New York 11572.

8.    Defendant Ben's Crab Massapequa Corp. is a domestic business corporation organized under the laws of the State of New York (hereinafter referred to as "Ben's Crab Massapequa"), with a registered business address and principal place of business at 45 Carmans Road, Massapequa, New York 11758.

9.    Defendants Ben's Crab Uniondale owns and operates a seafood restaurant named Ben's Crab located at 1002 Hempstead Turnpike, Uniondale, New York 11553.

10.    Defendant Ben's Crab Valley Stream owns and operates a seafood restaurant named Ben's Crab located at 3451 Long Beach Road, Oceanside, New York 11572.

11.    Defendant Ben's Crab Massapequa owns and operates a seafood restaurant named Ben's Crab located at 45 Carmans Road, Massapequa, New York 11758.

12.    At all relevant times, defendants Ben's Crab Oceanside, Ben's Crab Uniondale, and Ben's Crab Massapequa were each an employer engaged in interstate commerce and/or

the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13. At all relevant times, defendants Ben's Crab Oceanside, Ben's Crab Uniondale and Ben's Crab Massapequa has each been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14. Upon information and belief, at all relevant times, defendants Ben's Crab Oceanside, Ben's Crab Uniondale and Ben's Crab Massapequa has each had gross revenues in excess of $500,000.00.

15. Upon information and belief, at all relevant times herein, defendants Ben's Crab Oceanside, Ben's Crab Uniondale and Ben's Crab Massapequa has each used goods and materials produced in interstate commerce, and has each employed at least two individuals who handled such goods and materials.

16. Upon information and belief, defendant Nico Salindeho is an owner or part owner and principal of Ben's Crab Oceanside, Ben's Crab Uniondale and Ben's Crab Massapequa, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

17. Defendant Nico Salindeho was involved in the day-to-day operations of Ben's Crab Oceanside, Ben's Crab

Uniondale and Ben's Crab Massapequa and played an active role in managing the business.

18.    Upon information and belief, defendant David Salindeho is an owner or part owner and principal of Ben's Crab Oceanside, Ben's Crab Uniondale and Ben's Crab Massapequa, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

19.    Defendant David Salindeho was involved in the day-to-day operations of Ben's Crab Oceanside, Ben's Crab Uniondale and Ben's Crab Massapequa and played an active role in managing the business.

20.    Upon information and belief, defendant Donny Salindeho is an owner or part owner and principal of Ben's Crab Oceanside, Ben's Crab Uniondale and Ben's Crab Massapequa, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

21.    Defendant Donny Salindeho was involved in the day-to-day operations of Ben's Crab Oceanside, Ben's Crab Uniondale and Ben's Crab Massapequa and played an active role in managing the business.

22.    Upon information and belief, defendant Andres Salindeho is an owner or part owner and principal of Ben's Crab Oceanside, Ben's Crab Uniondale and Ben's Crab

Massapequa, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

23. Defendant Andres Salindeho was involved in the day-to-day operations of Ben's Crab Oceanside, Ben's Crab Uniondale and Ben's Crab Massapequa and played an active role in managing the business.

24. Upon information and belief, defendant Benyamin Johnson is an owner or part owner and managing partner of Ben's Crab Oceanside, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

25. Defendant Benyamin Johnson was involved in the day-to-day operations of Ben's Crab Oceanside, and played an active role in managing the business.

26. Defendants constituted "employers" of Mr. Antonio Barillas and Mr. Carballo as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

28.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' businesses are located in this district.

## COLLECTIVE ACTION ALLEGATIONS

29.  Pursuant to 29 U.S.C. § 206 and § 207, Mr. Antonio Barillas and Mr. Carballo seeks to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since August 23, 2018, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

30.  The Collective Action Members are similarly situated to Mr. Antonio Barillas and Mr. Carballo in that they were employed by the defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied compensation overtime pay for hours worked beyond forty hours in a week.

31.  They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

32.   Mr.   Antonio   Barillas,   Mr.   Carballo,   and   the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

33.   The exact number of such individuals is presently unknown, but is known by the defendants and can be ascertained through appropriate discovery.

**CLASS ACTION ALLEGATIONS**

34.   Plaintiffs   bring   their   NYLL   claims   pursuant   to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

35.   All   said   persons,   including   Plaintiffs,   are referred to herein as the "Class."

36.   The Class members are readily ascertainable.   The number and identity of the Class members are determinable from   the   records   of   Defendants.   The   hours   assigned   and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records.   For purpose of notice and other purposes related to this action, their   names   and   addresses   are   readily   available   from

Defendants.  Notice can be provided by means permissible under said FRCP 23.

***Numerosity***

37.  The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

***Commonality***

38.  There are questions of law and fact common the Class which predominate over any questions affecting only individual class members, including:

  a.  Whether Defendants employed Plaintiffs and the Class within the meaning of New York law.

  b.  Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

  c.  Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

  d.  Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and

the Rule 23 Class spread-of-hours pay as required by the New York Labor Law;

e.   Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs' and the Rule 23 Class's start of employment and/or timely thereafter;

g.   Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken toward the minimum wage to Plaintiffs and the Rule 23 Class on each payday; and

h.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

***Typicality***

39. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime, and spread-of-hours compensation.

11

Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

***Adequacy***

40. Plaintiffs are able to fairly and adequately protect the Interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

***Superiority***

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members

are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

42. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out fear of direct or indirect retaliation. Former

employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## **FACTS**

43. At all relevant times herein, the defendants owned and operated Ben's Crab Uniondale, Ben's Crab Oceanside and Ben's Crab Massapequa, seafood restaurant located in Uniondale, Oceanside and Massapequa, New York, respectively.

44. Mr. Antonio Barillas was employed at Ben's Crab Oceanside and Ben's Crab Massapequa, from June 16, 2019 until June 1, 2021.

45. Mr. Antonio Barillas was hired by defendant Nico Salindeho.

46. At the beginning of his employment by the defendants Mr. Antonio Barillas worked as a food runner. On June 1, 2020, Mr. Antonio Barillas began working as a chef.

47. Mr. Carballo was employed at Ben's Crab Oceanside and Ben's Crab Uniondale from approximately June 16, 2019 until June 1, 2021.

48. Mr. Carballo was hired by defendant Nico Salindeho.

49.  At the beginning of his employment by the defendants, Mr. Carballo worked as a busboy.  As of May 1, 2020, Mr. Carballo began working as a chef's assistant.

50.  Mr. Antonio Barillas's and Mr. Carballo's work for the defendants was/is performed in the normal course of the defendants' business, was integrated into the business of the defendants, and did/does not involve executive or administrative responsibilities.

51.  At all relevant times herein, Mr. Antonio Barillas and Mr. Carballo were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

52.  During his employment by the defendants from June 16, 2019 until June 1, 2021, Mr. Antonio Barillas worked a regular schedule of six days per week at Ben's Crab Oceanside, and one day per week, every other Thursday, at Ben's Crab Massapequa.

53.  Mr. Antonio Barillas's daily schedule during his employment by the defendants was as follows:  On Monday, Tuesday and Wednesday he worked from 2:00 p.m. until 1:00 a.m.; on Friday he worked from 2:00 p.m. until 3:00 a.m.; on Saturday he worked from 1:00 p.m. until 1:00 a.m.; and on Sunday he worked from 11:00 a.m. until 11:30 p.m.  Every other Thursday he worked from 2:30 p.m. until 12:00 a.m.

54. As a result, Mr. Antonio Barillas was working approximately 80 hours per week during the weeks in which he worked on Thursday during his employment with the defendants.

55. During the weeks in which Mr. Antonio Barillas did not work on Thursday, he was working approximately 70.5 hours per week.

56. During his employment by the defendants, Mr. Antonio Barillas was paid a fixed weekly salary each Sunday for his work at Ben's Crab Oceanside, partly in cash and partly by check with a paystub as follows: For each week he did not work on Thursday he was paid $600 by check and $320 in cash. For each week that he worked on Thursday Ben's Crab Massapequa he was also paid $130 in cash on Thursday.

57. During his employment by the defendants from June 2018 until March 15, 2020, Mr. Carballo worked a regular schedule of five or six days per week at Ben's Crab Oceanside, on an alternating basis, as follows: during the weeks he worked six days, on Monday, Tuesday and Thursday he worked from 2:00 p.m. until 11:00 p.m.; on Friday and Saturday he worked from 2:00 p.m. until 3:00 a.m.; and on Sunday, he worked from 11:00 a.m. until 11:00 p.m., with Wednesday off.

58. During the weeks he worked only five days, he had both Tuesday and Wednesday off. Sometimes he would work at Ben's Crab Uniondale instead of Ben's Crab Oceanside on

Tuesday or Wednesday.  Typically, Mr. Carballo would stay later on Monday, Tuesday and Thursday, continuing to work until 2:00 a.m. or 3:00 a.m.

59.  As a result, Mr. Carballo was working approximately 80 hours per week when he worked six days per week during his employment with the defendants from June 1, 2019 until March 15, 2020.  When he worked only five days per week during that period, he was working approximately 68 hours per week.

60.  When the defendants' restaurants reopened on May 1, 2020, following their closure due to the Covid-19 pandemic, Mr. Carballo began working four days per week at Ben's Crab Oceanside as follows:  on Wednesday, Friday and Saturday he worked from 2:00 p.m. until 11:30 p.m.; on Sunday he worked from 1:00 p.m. until 10:00 p.m.; On Monday, Tuesday and Thursday he was off.  This schedule continued until the end of Mr. Carballo's employment by the defendants.

61.  As a result, Mr. Carballo was working approximately 48 hours per week during the period from May 1, 2020 until June 1, 2021.

62.  During the period from June 2019 until March 15, 2020, Mr. Carballo was paid $1,265 in cash every two weeks on Sunday.  After the restaurants reopened on May 1, 2020, Mr. Carballo was paid $1,320, half in cash and half by check every

two weeks until the end of his employment, plus $60-80 in cash tips at the end of each month.

63.  Mr. Antonio Barillas and Mr. Carballo received the aforementioned amounts for all hours worked, regardless of the exact number of hours they worked in a given week.

64.  As a result, Mr. Antonio Barillas's and Mr. Carballo's effective rate of pay were each sometimes below the statutory New York minimum wage in effect at relevant times.

65.  Defendants' failure to pay Mr. Antonio Barillas and Mr. Carballo an amount at least equal to the New York minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

66.  Mr. Antonio Barillas and Mr. Carballo were each always paid at least partly in cash, and sometimes also by check, throughout their employment, and did not always receive paystubs or wage statements of any sort with their pay.

67.  In addition, the defendants failed to pay Mr. Antonio Barillas and Mr. Carballo any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

68.    Defendants' failure to pay Mr. Antonio Barillas and Mr. Carballo the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

69.    The defendants also failed to pay Mr. Antonio Barillas and Mr. Carballo an additional hour's pay at the applicable minimum wage for each shift worked lasting in excess of 10 hours from start to finish (the "spread of hours compensation"), in violation of the New York Labor Law and supporting New York State Department of Labor regulations.

70.    Defendants' failure to pay the spread-of-hours compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

71.    Defendants failed to provide Mr. Antonio Barillas and Mr. Carballo with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

72.  Defendants failed to provide Mr. Antonio Barillas and Mr. Carballo with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

73.  Upon information and belief, throughout the period of Mr. Antonio Barillas's and Mr. Carballo's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Antonio Barillas and Mr. Carballo (the Collective Action Members) in positions at the defendants' restaurants that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

74.  Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

75.  Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

76.  Upon information and belief, these other individuals have worked in excess of forty hours per week,

yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

77. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

78. Upon information and belief, while the defendants employed Mr. Antonio Barillas and Mr. Carballo and the Collective Action members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

79. Upon information and belief, while the defendants employed Mr. Antonio Barillas and Mr. Carballo and the Collective Action members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

80. Mr. Antonio Barillas and Mr. Carballo repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

21

81. At all relevant times, Mr. Antonio Barillas and Mr. Carballo were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

82. Defendants willfully violated Mr. Antonio Barillas's and Mr. Carballo's rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

83. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

84. Due to the defendants' New York Labor Law violations, Mr. Antonio Barillas and Mr. Carballo are entitled to recover from the defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

85. Mr. Antonio Barillas and Mr. Carballo, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

86.   At all relevant times, the defendants employed Mr. Antonio Barillas and Mr. Carballo and each of the Collective Action Members within the meaning of the FLSA.

87.   At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

88.   As a result of defendants' willful failure to compensate their employees, including Mr. Antonio Barillas, Mr. Carballo and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

89.   The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

90.   Due to the defendants' FLSA violations, Mr. Antonio Barillas and Mr. Carballo, and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest,

reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT III**

**(New York Labor Law - Overtime)**

91.  Mr. Antonio Barillas and Mr. Carballo repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

92.  At all relevant times, Mr. Antonio Barillas and Mr. Carballo were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

93.  Defendants willfully violated Mr. Antonio Barillas's and Mr. Carballo's rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

94.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

95.  Due to the defendants' New York Labor Law violations, Mr. Antonio Barillas and Mr. Carballo are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable

attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

96.  Mr. Antonio Barillas and Mr. Carballo repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

97.   At all relevant times, Mr. Antonio Barillas and Mr. Carballo were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

98.  Defendants willfully violated Mr. Antonio Barillas's and Mr. Carballo's rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

99.  Defendants' failure to pay the "spread of hours" compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

100. Due to Defendants' New York Labor Law violations, Mr. Antonio Barillas and Mr. Carballo are entitled to recover

from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

101. Mr. Antonio Barillas and Mr. Carballo repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

102. At all relevant times, Mr. Antonio Barillas and Mr. Carballo were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

103. Defendants willfully violated Mr. Antonio Barillas's and Mr. Carballo's rights by failing to provide them with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

104. Defendants willfully violated Mr. Antonio Barillas's and Mr. Carballo's rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

105. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr.

Antonio Barillas and Mr. Carballo are each entitled to recover from the defendants statutory damages of $250 per day, from June 2019 through June 2021, up to the maximum statutory damages.

106. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Antonio Barillas and Mr. Carballo are entitled to recover from the defendants statutory damages of $50 per day from June 2019 through June 2021, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Antonio Barillas and Mr. Carballo respectfully request that this Court grant the following relief:

   a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b),

and appointing Mr. Antonion and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f. Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

h.  Liquidated damages for the defendants' New York Labor Law violations;

i.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.

Dated: August 23, 2021

_____/s_____
Michael Samuel (MS 7997)
SAMUEL & STEIN
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiffs,
*Individually and on behalf of an*
*FLSA collective and class actionsa*